# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

MICHAEL KIM, an individual,

    Plaintiff,

v.                                                          Case No. 8:20-cv-2791-KKM-AAS

THE UNITED STATE BANKRUPTCY
COURT FOR THE MIDDLE DISTRICT
OF FLORIDA, THE UNITED STATES
OF AMERICA, STEPHEN L. MEININGER,
an individual, WESTWATER
CONSTRUCTION, INC., SHIRIN
MOHAMMADBHOY VESELY, an individual,
MARK S. MILLER, an individual, LISA M.
CASTELLANO, an individual, STEPHANIE
C. LIEB, an individual, ERIC JACOBS,
an individual, inclusive,

    Defendants.
_____/

## **ORDER**

This order follows review of Plaintiff's First Amended Complaint, (Doc. 5), Plaintiff's Motion for Summary Judgment (Doc. 10), Plaintiff's Emergency Motion for Temporary Restraining Order (Doc. 11), and Trustee's Suggestion of Bankruptcy, (Doc. 16). Plaintiff's initial complaint was dismissed with prejudice as to Bankruptcy Judge McEwen and District Judge Jung, both of whom enjoy absolute immunity for actions taken in their judicial capacity. (Doc. 3). Plaintiff was permitted to file an amended complaint, "but [he] may not include these judges in it for any act done as a judge" and

was directed to "omit these judges entirely." *Id.* He was also advised that "[f]ailure to file an amended complaint in accordance with this Order will result in the dismissal of this case." *Id.*

Having been forewarned, Plaintiff nonetheless filed an 84-page amended complaint alleging (by a modest count) seventeen claims against nine defendants, including allegations about wrongdoing by judges for acts taken in their official capacity. *See, e.g.*, (Doc. 5, at 2 ("This claim is for a direct violation of DUE PROCESS required by USCA Amendment 5, for a conspiracy between the Bankruptcy Court Judge CATHERINE PEEK McEWEN, and Federal Court Judges WILLIAM JUNG, and THOMAS P BARBER . . ." (emphasis in original)); 3; 30–40). Plaintiff's claims range from conspiracies of racketeering and extortion to violations of his civil rights, and he complains of procedural due process violations in proceedings not properly before the Court for review. As best as the undersigned can tell, Plaintiff's ire centers on property disputes related to a bankruptcy proceeding that remains ongoing.

Having reviewed the amended complaint, the lawsuit is due to be dismissed for many reasons. First, as Plaintiff was expressly directed (both in this case and in other lawsuits he has filed throughout the District), the amended complaint should *not* allege claims based on official judicial acts. Although he deftly avoids naming federal judges as defendants or attempting to have summons issued to them, the allegations consistently remain targeted at actions that judges have taken in their official capacities. Plaintiff's willful persistence in this regard is itself evidence of bad faith.

Second, the claims are plainly frivolous and warrant dismissal. *See, e.g.*, *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 307–8 (1989); *Cuyler v. Aurora Loan Servs., LLC*, No. 12-11824, et al., 2012 WL 10488184, at *2 (11th Cir. Dec. 3, 2012) ("[A] district court has the inherent authority to dismiss a patently frivolous complaint."). For example, Plaintiff alleges that multiple judges across jurisdictions intentionally violated local rules and rules of procedure to prevent him from successfully litigating his numerous cases. (*See, e.g.,* Doc. 5, at 32 ("McEwen does not believe in following Federal Rules, and apparently HONEYWELL, JUNG and BARBER also do not believe the rules apply to them. It appears CORRIGAN also believes his role is to protect other corrupt judges." (emphasis in original)). He also asserts that the Bankruptcy Court for the Middle District of Florida "has a history of theft of debtor's estates," often engages in practices that deny parties due process of law, and conspires with judges of other courts to steal debtors' property. *Id.* at 15. Further, Plaintiff's First Amended Complaint and Motion for Summary Judgment include allegations of a sexual affair between parties involved in Plaintiff's prior litigation, fraudulent liens, and bribery investigations by the FBI. (Doc. 5, at 1, 5; Doc. 10, at 2–3). At bottom, Plaintiff lodges numerous *ad hominem* attacks against judges and others involved in his legal woes, but they plainly fail to state any cognizable causes of action. *See* Fed. R. Civ. P. 8(a).

Moreover, because the amended complaint involves the disposition of property that is the subject of ongoing bankruptcy proceedings, Plaintiff appears to be willfully violating the automatic stay that is operative under 11 U.S.C. § 362. (*See* Doc. 16).

Plaintiff's amended complaint seeks to quiet title to a property owned by Trail Management, LLC, which has filed for bankruptcy protection under Chapter 11 of the Bankruptcy Code. (Doc. 5, at 83–84; Doc. 16, at 1). Plaintiff's claims appear to be an "act to obtain possession of property of the estate" of Trail Management and are therefore subject to an automatic stay. 11 U.S.C. § 362(a)(3). Plaintiff assuredly knows this lawsuit is a violation, as the bankruptcy court has twice issued sanctions against him for filing proceedings related to the property of this estate. (Doc. 16, at 1–2). Plaintiff's willful violations of the automatic stay further prove that this action was commenced in bad faith.

The Court is aware that *pro se* litigants are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But Plaintiff is no novice to the federal judicial system, and his history of filing frivolous lawsuits in this Court and others only underscores that he does not act in good faith here. *See Kim v. The Twelfth Judicial Circuit et al.*, 8:20-cv-02934-TJC-CPT, 2021 WL 62489, at *1 (M.D. Fla. Jan. 7, 2021) ("[T]he two complaints before the Court are consistent with Kim's history of vexatious and frivolous litigation and further judicial resources need not be diverted to Kim's attempt to abuse the judicial process."); *Kim v. McEwan, et al.*, No. 8:20-cv-2225-WFJ-TGW; *Kim v. U.S. Dist. Ct.*, No. 8:20-cv-3041-TJC-AAS. Indeed, the United States Bankruptcy Court for the Middle District of Florida has entered a *Martin-Trigona* order against Plaintiff, prohibiting him from filing further

4

documents without a member of the Florida Bar.[1] Order, Doc. 288, *In re Trail Mgmt., LLC*, No. 8:20-bk-963-CPM (Bankr. M.D. Fla. Oct. 28, 2020); *see also Martin-Trigona v. Shaw*, 986 F.2d 1384, 1386–87 (11th Cir. 1993) (recognizing an injunction preventing a vexatious litigant from filing in any federal court without leave).

Plaintiff's instant lawsuit follows in his earlier bad faith attempts to use the judiciary to harass others with whom he has had prior legal encounters, and he only confirms the Court's view by filing a motion for summary judgment before all defendants were even served, much less had an opportunity to respond to his amended complaint. This Court concludes that his attempts to abuse the judicial system should not be afforded further judicial resources, particularly as Plaintiff was already granted leave to amend in this instant case but to no avail.

Accordingly, the following is **ORDERED**:

1. This case is **DISMISSED WITH PREJUDICE**.
2. Plaintiff's Motion for Summary Judgment, (Doc. 10), and Motion for Temporary Restraining Order, (Doc. 11), are **DENIED AS MOOT**.
3. The Clerk shall terminate all pending motions and deadlines and shall close the file.

---

[1] The bankruptcy court is also considering a third motion for sanctions against Kim for violating the automatic stay prohibiting Kim from seeking claim over the property at issue in the bankruptcy proceedings. The motion asks that the bankruptcy court expand the *Martin-Trigona* order to prohibit Kim from filing any causes of action relating to the property of the estate in all federal courts without leave of the bankruptcy court. Third Motion for Sanctions for Willful Violation of the Automatic Stay and Court Orders, Doc. 326, *In re Trail Mgmt., LLC*, No. 8:20-bk-963-CPM (Bankr. M.D. Fla. Jan. 15, 2021).

**ORDERED** in Tampa, Florida, on January 28, 2021.

*/s/ Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge